IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| Joseph E. Seitz and | : |
| Anne G. Seitz, | :     Chapter 13 |
|           Debtors | :     Case No. 1:18-bk-02031-HWV |

## NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

Notice is hereby given:

A Motion to Modify the confirmed Chapter 13 Plan and 8th Amended Chapter 13 Plan have been filed with the Court by the above-referenced Debtors.

If you wish to contest this Motion and 8th Amended Chapter 13 Plan, you must file a written objection with the Court. Any filing must conform to the Rules of Bankruptcy Procedure, unless the Court determines otherwise.

Any such Objection must be filed with the Bankruptcy Court at the address listed below **within twenty-one (21) days**, and served upon Lawrence V. Young, Esquire, 135 North George Street, York, Pennsylvania 17401.

A hearing on any Answers and/or Objections will be held, if an Objection is filed, at the Ronald Reagan Federal Building, Bankruptcy Courtroom (3rd Floor), 228 Walnut Street, Harrisburg, Pennsylvania. Failure to file a timely objection may result in the entry of an order approving the Motion to Modify and 8th Amended Plan pursuant to the terms and conditions stated without further notification. If no objections are timely filed with the Bankruptcy Court, the Court may act upon said motion without hearing or further notice.

| Dated: 01/ 13 /2021 | Clerk, U.S. Bankruptcy Court | Lawrence Young, Esq. |
|---|---|---|
| | Ronald Reagan Federal Building | 135 North George Street |
| | 228 Walnut Street, Room 320 | York, Pennsylvania 17401 |
| | Harrisburg, PA 17108 | |

{01870638/1}

Rev. 12/01/19

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Joseph E. Seitz and
Anne G. Seitz

CHAPTER 13

CASE NO. 1-bk-18-02031-HWV

\_\_\_ ORIGINAL PLAN
_8th_ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

_0_ Number of Motions to Avoid Liens
_1_ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✓ Included | Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ✓ Included | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | ✓ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ 60,106.90   (enter $0 if no payments have been made to the Trustee to date).  Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 180,645.86  , plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 7/2018 | 12/2020 (31m) | various | - 0 - | various | $60,106.90 |
    | 1/2021 | 5/2025 (53 m) | $2274.32 | - 0 - | $2274.32 | $120,538.96 |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  | Total Payments: | $180,645.86 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:  (✓) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        (   ) Debtor is over median income.  Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

Rev. 12/01/19

**B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>**

1. The Debtor estimates that the liquidation value of this estate is $ _0_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ _____

**2. SECURED CLAIMS.**

A. **<u>Pre-Confirmation Distributions</u>.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| M&T Bank | 10056 Mt. Zion Road Glen Rock, PA | 8429 |
| | | |
| | | |

4

Rev. 12/01/19

C. **<u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence)</u>**. *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T Bank | 10056 Mt. Zion Road Glen Rock, PA | $60,101.81 | - 0 - | $60,101.81 |
| | | | | |
| | | | | |

D. **<u>Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)</u>**

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*
✓ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Internal Revenue Service | 10056 Mt. Zion Road Glen Rock, PA | $182,000.00 | - | $15,495.66 | Other |
| PA Dept. of Revenue | 10056 Mt. Zion Road Glen Rock, PA | $182,000.00 | - | $57,900.34 | Other |
| York County Tax Claim Bureau | 10056 Mt. Zion Road Glen Rock, PA | $182,000.00 | - | $1679.45 | Other |

  F. **Surrender of Collateral.** *Check one.*

   ✓ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

   ___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

  G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

   ✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ 345.00 _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| York Adams Tax Bureau (POC 2) | $13,816.39 |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |

10

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

✓ plan confirmation.
___ entry of discharge.
___ closing of case.


**7. DISCHARGE: (Check one)**

( ✓ ) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.


Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

This confirmed Plan pays pre-petition mortgage arrears, personal income taxes and real estate taxes. Debtors are paying the value of the equity in their real estate and their property (-8% for costs of hypothetical liquidation) to cover the secured and priority tax liens in order of priority to PA Dept of Revenue for $57,900.34 and $15,495.66 to the IRS. Tax obligations that are not paid through this Plan and which are non-dischargeable will survive Discharge. Administrative fees and expenses are being calculated using the lodestar method. A fee app will be filed to seek approval. See Funding Analysis attached hereto. All notices that the Debtors are required to serve post-confirmation under Bankruptcy Rule 2002(a) or L.B.R. 2002-1(e) may be mailed only to creditors that either (a) hold claims for which proofs of claim have been filed, or (b) are still permitted to file claims because their deadline to do so has not yet passed or because an extension was granted under Rule 3002(c)(1 or 2).

Dated: 1/5/2021

/s/ Lawrence V. Young
Attorney for Debtor

/s/ Joseph E. Seitz
Debtor

/s/ Anne G. Seitz
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Joseph E. Seitz
Anne G. Seitz

Case No. 1-18-bk-02031-HWV
Chapter 13

MOTION TO MODIFY
CHAPTER 13 PLAN PAYMENTS

AND NOW, this 5th day of January, 2021, come the Debtors, Joseph E. Seitz and Anne G. Seitz, by their counsel, CGA Law Firm and Lawrence V. Young, Esquire, and do file the within Motion averring that:

1. The within Motion is brought pursuant to Local Bankruptcy Rule 3015-2(e) in that it seeks to modify the funding of the Debtors' confirmed Plan.

2. Debtors' 7th Amended Plan was confirmed by Order dated March 26, 2020.

3. The confirmed Plan provides for payments to federal, state and local taxing entities, mortgage arrears and administrative claims.

4. Pursuant to 11 U.S.C. § 1329(d)(1), the Debtors wish to extend the term of their confirmed Chapter 13 Plan from sixty (60) months to eighty-four (84) months on account of material financial hardship caused by the COVID-19 pandemic, previously detailed to the Court.

5. The base Plan has been adjusted to include the three months the Debtors petitioned the Court to Suspend payments, and it lowers the monthly Plan payment to a more affordable monthly payment amount.

6. The confirmed Plan remains the same on the secured / priority claims.

7. The Debtors' 8th Amended Chapter 13 Plan payments will begin in January, 2021 and extend for fifty-three (53) months until May, 2025.

{01870518/1}

8. For the reasons stated above, the Debtors propose to modify the confirmed Chapter 13 Plan as set forth in the attached Eighth Amended Chapter 13 Plan.

WHEREFORE, the Debtors respectfully request this Honorable Court grant this Motion to Modify and approve the 8th Amended Plan, and other such relief as is just.

Respectfully submitted,
CGA Law Firm

By: */s/ Lawrence V. Young*
Lawrence V. Young, Esquire
Sup. Ct. ID No. 21009
135 North George Street
York, PA 17401-1282
Telephone: 717-848-4900
(Counsel for Debtors)

CERTIFICATE OF SERVICE

I certify that I am more than 18 years of age and that on January 5, 2021, a true and correct copy of the Motion was served upon the following parties in the following manner:

Office of the United States Trustee – via ECF
Charles DeHart, III, Chapter 13 Trustee - via ECF
Joseph Swartz for PA Dept. of Revenue – via ECF
James Warmbrodt, Esquire for M&T Bank – via ECF

I certify under penalty of perjury that the foregoing is true and correct.

Date: 1/5/2021   */s/ Lawrence V. Young*
Lawrence V. Young, Esquire

{01870518/1}

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Joseph E. Seitz<br>Anne G. Seitz | CASE NO: 1:18-bk-02031-HWV<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 1/13/2021, I did cause a copy of the following documents, described below,

Notice of Motion to Modify

8th Amended Plan

Motion to Modify

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 1/13/2021

                                                                              /s/ Lawrence Young, Esquire
Lawrence Young, Esquire  21009
CGA Law Firm
135 N. George Street
York, PA  17401
717 848 4900

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: Joseph E. Seitz
Anne G. Seitz

CASE NO: 1:18-bk-02031-HWV

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 1/13/2021, a copy of the following documents, described below,

Notice of Motion to Modify

8th Amended Plan

Motion to Modify

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 1/13/2021

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Lawrence Young, Esquire
CGA Law Firm
135 N. George Street
York, PA 17401

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO

| | | |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>0314-1<br>CASE 1:18-BK-02031-HWV<br>MIDDLE DISTRICT OF PENNSYLVANIA | JOSEPH E. SEITZ<br>ANNE G. SEITZ<br>10056 MT. ZION ROAD<br>GLEN ROCK PA 17327-8421 | MERRICK BANK<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10368<br>GREENVILLE SC 29603-0368 |
| VERIZON<br>BY AMERICAN INFOSOURCE LP AS AGENT<br>PO BOX 248838<br>OKLAHOMA CITY OK 73124-8838 | YORK ADAMS TAX BUREAU<br>1405 N. DUKE STREET<br>PO BOX 15627<br>YORK PA 17405-0156 | MIDLAND FUNDING LLC<br>MIDLAND CREDIT MANAGEMENT INC.<br>P O BOX 2011<br>WARREN MI 48090-2011 |
| VERIZON<br>BY AMERICAN INFOSOURCE LP AS AGENT<br>PO BOX 248838<br>OKLAHOMA CITY OK 73124-8838 | WELLSPAN HEALTH<br>1001 S GEORGE ST<br>YORK PA 17403-3676 | |